[No. 4742.]

## VENNER ET AL. v. THE DENVER UNION WATER CO. ET AL.

32   207
f32   271

1. **Appellate Practice—Abstract of Record—Motion to Dismiss.**

A motion to dismiss an appeal on the ground that the abstract is not sufficiently full to present the parts of the record to which the assignments of error relate, will not be considered.

2. **Appellate Practice—Appeal Bond—Amendment.**

On motion to dismiss an appeal on account of irregularities in the appeal bond, where appellant asks leave to amend, the appeal will not be dismissed, but appellant will be allowed to amend.

*Appeal from the District Court of Arapahoe County.*

*On Motion to Dismiss.*

Messrs. YEAMAN & GOVE, Messrs. GOUDY & TWITCHELL and Mr. H. B. BABB, for appellants.

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. H. H. DUNHAM and Mr. C. J. HUGHES, for appellees.

*Per Curiam.*—Appellees move to dismiss the appeal because of the alleged insufficiency of the abstract of record filed by appellant. The volume of such abstract would indicate that it is sufficiently full, but in support of the motion it is urged that it does not present the parts of the record to which reference is made in the assignment of errors with a sufficient degree of fulness to enable the court to fully understand and determine the correctness of the rulings, findings, and decree which the assignments of error undertake to present for review, and that important and necessary parts of the record are wholly omitted. Its alleged defects in these particulars are referred to with considerable minuteness in the motion filed. On its face, the abstract filed purports to state, in substance, the parts of the record

upon which appellants rely to support the errors assigned. In such circumstances the motion cannot be considered for many and manifest reasons. Whether or not an abstract of record is sufficiently full must often, and in this instance may, be the subject of a difference of opinion between counsel. If the court should be required to settle that question in advance, the result would be to practically determine the cause upon its merits on a preliminary motion. Such a motion could not be intelligently considered without ascertaining what legal propositions were urged and involved, and what parts of the record were material to the questions upon which the rights of the parties depended. If the abstract does not present the record so that the assignments of error can be considered, the appellants alone will suffer; because, under the repeated rulings of this court, the errors assigned, which are not sufficiently presented by the record as abstracted, will not be passed upon. On the other hand, if the appellees are not satisfied with the abstract because portions of the record are left out which they may think ought to be included, or the statements of the contents or legal import of pleadings are not correct, they may file an abstract under the rules, and thus fully protect their rights.

Appellees also move to dismiss the appeal because of an irregularity in the execution of the appeal bond. Appellants, by cross-motion, ask leave to amend the bond. Leave is granted to amend the bond in such manner as will cure the irregularities pointed out in the motion, such amendment to be made within thirty days from this date.

Both motions on the part of appellees are denied.

*Motions denied.*